UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KING SPIDER LLC,<br><br>*Plaintiff*,<br><br>v.<br><br>CHENGDUCHENGTISHANGMAOY, CONGSUIKA, FOSHAN STORE, HAIXIANGCUSTOM FACTORY, HANDANSHIWEIQINGPINGSHANGMAOYOUXIANGONGSI, JINHENGDA6254, KULUOHUI, LIN MENSWEAR STORE, LIU XING, MEILANFEI, MHICH CO.LTD, NAZINANKEJIYOUXIANGONGSI, SHEYON BEAUTY INC, VALUE SELECTIONS, XIAO HOME DEPT. CLOTHING STORE, XIAOMING CUSTOM FACTORY 3, and YUEKANGKEJI,<br><br>*Defendants*. | **CIVIL ACTION NO.<br>25-cv-3424 (KPF)**<br><br>**FINAL DEFAULT JUDGMENT AND PERMANENT INJUNCTION ORDER** |

**GLOSSARY**

| Term | Definition | Docket Entry Number |
|---|---|---|
| **Plaintiff or King Spider** | King Spider LLC | N/A |
| **Defendants** | chengduchengtishangmaoy, Coli&Tori, CongSuiKa, foshan store, HaiXiangCustom factory, HanDanShiWeiQingPingShangMaoYouXianGongSi, Jinhengda6254, kuluohui, Lin Menswear store, liu xing, MEILANFEI, Mhich Co.Ltd, nazinankejiyouxiangongsi, SHEYON BEAUTY INC, Value Selections, Xiao Home Dept. Clothing Store, XiaoMing Custom factory 3 and YueKangKeJi | N/A |
| **Defaulting Defendants** | chengduchengtishangmaoy, CongSuiKa, foshan store, HaiXiangCustom factory, HanDanShiWeiQingPingShangMaoYouXianGongSi, Jinhengda6254, kuluohui, Lin Menswear store, liu xing, MEILANFEI, Mhich Co.Ltd, nazinankejiyouxiangongsi, SHEYON BEAUTY INC, Value Selections, Xiao Home Dept. Clothing Store, XiaoMing Custom factory 3 and YueKangKeJi | N/A |
| **Amazon** | Amazon.com, a Seattle, Washington-based, online marketplace and e-commerce platform owned by Amazon.com, Inc., a Delaware corporation, that allows manufacturers and other third-party merchants, like Defendants, to advertise, distribute, offer for sale, sell and ship their retail products, which, upon information and belief, primarily originate from China, directly to consumers worldwide and specifically to consumers residing in the U.S. including New York | N/A |
| **Walmart Marketplace** | Walmart.com Marketplace, a Bentonville, Arkansas-based, online marketplace and e-commerce platform owned by Walmart Stores, Inc., a Delaware corporation, that allows manufacturers and other third-party merchants, like Defendants, to advertise, distribute, offer for sale, sell and ship their retail products, which, upon information and belief, primarily originate from China, directly to consumers worldwide and specifically to consumers residing in the U.S., including New York | |
| **Sealing Order** | Order to Seal File entered on April 25, 2025 | Dkt. 1 |
| **Complaint** | Plaintiff's Complaint filed on April 25, 2025 | Dkt. 9 |
| **Application** | Plaintiff's *ex parte* Application for: 1) a temporary restraining order; 2) an order restraining Merchant | Dkts. 12-15 |

| | | |
|---|---|---|
| | Storefronts (as defined *infra*) and Defendants' Assets (as defined *infra*) with the Financial Institutions (as defined *infra*); 3) an order to show cause why a preliminary injunction should not issue; 4) an order authorizing bifurcated and alternative service and 5) an order authorizing expedited discovery filed on April 25, 2025 | |
| **Wollens Dec.** | Declaration of Beau Wollens in Support of Plaintiff's Application | Dkt. 15 |
| **Levine Dec.** | Declaration of Melissa J. Levine in Support of Plaintiff's Application | Dkt. 16 |
| **TRO** | 1) Temporary Restraining Order; 2) Order Restraining Merchant Storefronts and Defendants' Assets with the Financial Institutions; 3) Order to Show Cause Why a Preliminary Injunction Should Not Issue; 4) Order Authorizing Bifurcated and Alternative Service; and 5) Order Authorizing Expedited Discovery entered on April 25, 2025 | N/A |
| **PI Show Cause Hearing** | May 27, 2025 hearing to show cause why a preliminary injunction should not issue | N/A |
| **PI Order** | The Preliminary Injunction Order entered on May 27, 2025 | Dkt. 17 |
| **Sp5der Products** | A young, successful high-end lifestyle streetwear line specializing in men's and women's apparel, accessories, bags and other ready-made goods | N/A |
| **Sp5der Marks** | U.S. Trademark Registration Nos.: 6,512,199 for "SP5DER" for a variety of goods in Class 25; 6,681,320 for "sp5der" for a variety of goods in Class 25; 7,049,772 for "SP5DER" for a variety of goods in Class 25; 7,031,211 for "555 555" for a variety of goods in Class 25; 6,688,472 for "p*nk!" for a variety of goods in Class 25; 7,151,224 for "SP5WOM" for a variety of goods in Class 25; 7,270,084 for "SP5WOM" for a variety of goods in Class 25; 7,367,336 for "SP5 WORLDWIDE" for a variety of goods in Class 25; 7,166,293 for "555 555" for a variety | N/A |

| | | |
|---|---|---|
| | of goods in Class 25; 7,710,555 for " ![sp5der spider web logo] " for a variety of goods in Class 25; and 7,719,158 for " ![sp5der stars logo] " for a variety of goods in Class 25 | |
| **Sp5der Work** | U.S. Copyright Registration No.: VA 2-400-614 covering P*NK! | N/A |
| **Counterfeit Products** | Products bearing or used in connection with the Sp5der Marks and/or Sp5der Work, and/or products in packaging and/or containing labels bearing the Sp5der Marks and/or Sp5der Work, and/or bearing or used in connection with marks and/or artwork that are confusingly or substantially similar to the Sp5der Marks and/or Sp5der Work and/or products that are identical or confusingly or substantially similar to the Sp5der Products | N/A |
| **Infringing Listings** | Defendants' listings for Counterfeit Products | N/A |
| **User Accounts** | Any and all websites and any and all accounts with online marketplace platforms such as Amazon and/or Walmart Marketplace, as well as any and all as yet undiscovered accounts with additional online marketplace platforms held by or associated with Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them | N/A |
| **Merchant Storefronts** | Any and all User Accounts through which Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them operate storefronts to manufacture, import, export, advertise, market, promote, distribute, display, offer for sale, sell and/or otherwise deal in Counterfeit Products, which are held by or associated with Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them | N/A |
| **Defendants' Assets** | Any and all money, securities or other property or assets of Defendants (whether said assets are located in the U.S. or abroad) | N/A |
| **Defendants' Financial Accounts** | Any and all financial accounts associated with or utilized by any Defendants or any Defendants' User | N/A |

|  |  |  |
|---|---|---|
|  | Accounts or Merchant Storefront(s) (whether said account is located in the U.S. or abroad) |  |
| **Financial Institutions** | Amazon.com, Inc., Amazon Payments, Inc. ("Amazon Pay"), PayPal Inc. ("PayPal"), Walmart Pay, Payoneer Inc. ("Payoneer") and PingPong Global Solutions, Inc. ("PingPong") | N/A |
| **Third Party Service Providers** | Online marketplace platforms, including, without limitation, Amazon and/or Walmart Marketplace, as well as any and all as yet undiscovered online marketplace platforms and/or entities through which Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them manufacture, import, export, advertise, market, promote, distribute, make, use, offer for sale, sell and/or otherwise deal in Counterfeit Products which are hereinafter identified as a result of any order entered in this action, or otherwise | N/A |
| **Plaintiff's Motion for Default Judgment** | Plaintiff's Motion for Default Judgment and a Permanent Injunction Against Defaulting Defendants filed on July 17, 2025 | TBD |
| **Nastasi Aff.** | Affidavit by Gabriela N. Nastasi in Support of Plaintiff's Motion for Default Judgment | TBD |

This matter comes before the Court by motion filed by Plaintiff for the entry of final judgment and permanent injunction by default against Defaulting Defendants for Defaulting Defendants' trademark infringement, trademark counterfeiting, copyright infringement, false designation of origin, passing off and unfair competition and related state and common law claims arising out of Defaulting Defendants' unauthorized use of Plaintiff's Sp5der Marks and/or Sp5der Work, without limitation, in their manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying or offering for sale and/or selling and/or sale of Counterfeit Products.[1]

The Court, having considered the Memorandum of Law and Affidavit of Gabriela N. Nastasi in support of Plaintiff's Motion for Default Judgment, the Certificate of Service of the Summons and Complaint, the Certificate of the Clerk of the Court stating that no answer has been filed in the instant action, and upon all other pleadings and papers on file in this action, it is hereby ORDERED, ADJUDGED AND DECREED as follows:

## I. Defaulting Defendants' Liability

1) Judgment is granted in favor of Plaintiff on all claims properly pled against Defaulting Defendants in the Complaint;

## II. Damages Awards

1) IT IS FURTHER ORDERED, ADJUDGED AND DECREED that because it would serve both the compensatory and punitive purposes of the Lanham Act's prohibitions on trademark counterfeiting and infringement and the Copyright Act's prohibitions on willful infringement, and because Plaintiff has sufficiently set forth the basis for the statutory damages award requested in its Motion for Default Judgment, the Court finds such an award to be reasonable

---

[1] Where a defined term is referenced herein and not defined herein, the defined term should be understood as it is defined in the Glossary.

and Plaintiff is awarded Seventy Five Thousand U.S. Dollars ($75,000.00) in statutory damages against each of eighteen (18) Defaulting Defendants pursuant to Section 15 U.S.C. § 1117(c) and/or 17 U.S.C. § 504(c), plus post-judgment interest.

### III.  Permanent Injunction

1) IT IS FURTHER ORDERED, ADJUDGED AND DECREED, that Defaulting Defendants, their respective officers, agents, servants, employees, successors and assigns and all persons acting in concert with or under the direction of Defaulting Defendants (regardless of whether located in the United States or abroad), who receive actual notice of this Order are permanently enjoined and restrained from:

   A. manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in Counterfeit Products or any other products bearing one or more of the Sp5der Marks and/or Sp5der Work and/or marks and/or artwork that are confusingly or substantially similar to, identical to and constitute a counterfeiting and/or infringement of the Sp5der Marks and/or Sp5der Work;

   B. operation of Defaulting Defendants' User Accounts and Defaulting Defendants' Merchant Storefronts, including, without limitation, continued operation of Defaulting Defendants' User Accounts and Merchant Storefronts in violation of this Order;

   C. directly or indirectly infringing in any manner any of Plaintiff's Sp5der Marks and/or Sp5der Work;

   D. using any reproduction, counterfeit, copy or colorable imitation of Plaintiff's Sp5der Marks and/or Sp5der Work to identify any goods or services not authorized by Plaintiff;

   E. using Plaintiff's Sp5der Marks and/or Sp5der Work, or any other marks and/or artwork that are confusingly or substantially similar to the Sp5der Marks and/or Sp5der Work

on or in connection with the manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in the Counterfeit Products;

F. using any false designation of origin or false description, or engaging in any action which is likely to cause confusion, cause mistake and/or to deceive members of the trade and/or the public as to the affiliation, connection or association of any product manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale or sold by Defaulting Defendants with Plaintiff, and/or as to the origin, sponsorship or approval of any product manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale or sold by Defaulting Defendants and Defaulting Defendants' commercial activities by Plaintiff;

G. secreting, concealing, destroying, altering, selling off, transferring or otherwise disposing of and/or dealing with: (i) Counterfeit Products; (ii) any computer files, data, business records, documents or any other records or evidence relating to their User Accounts, Merchant Storefronts or Defaulting Defendants' Assets and the manufacture, importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of Counterfeit Products; and

H. effecting assignments or transfers, forming new entities or associations, or creating and/or utilizing any other platform, User Accounts, Merchant Storefronts or any other means of importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of Counterfeit Products for the purposes of circumventing or otherwise avoiding the prohibitions set forth in this Order.

3

2) IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Defaulting Defendants must deliver up for destruction to Plaintiff any and all Counterfeit Products and any and all packaging, labels, tags, advertising and promotional materials and any other materials in the possession, custody or control of Defaulting Defendants that infringe any of Plaintiff's trademarks, copyrights or other rights including, without limitation, the Sp5der Marks and/or Sp5der Work, or bear any marks and/or artwork that are confusingly or substantially similar to the Sp5der Marks and/or Sp5der Work pursuant to 15 U.S.C. § 1118;

3) IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Defaulting Defendants and all persons in active concert and participation with them who receive actual notice of this Order, including Third Party Service Providers and Financial Institutions who satisfy those requirements and are identified in this Order, are permanently enjoined and restrained from:

   A. secreting, concealing, transferring, disposing of, withdrawing, encumbering or paying any of the Defaulting Defendants' Assets from or to Defaulting Defendants' Financial Accounts.

4) IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Defaulting Defendants and all persons in active concert and participation with them who receive actual notice of this Order, including Third Party Service Providers who satisfy those requirements and are identified in this Order, are permanently enjoined and restrained from:

   A. operation of Defaulting Defendants' User Accounts and Defaulting Defendants Merchant Storefronts, including, without limitation, continued operation of Defendants' User Accounts and Merchant Storefronts in violation of this Order; and

   B. instructing, aiding, or abetting Defaulting Defendants and/or any other person or business entity in engaging in any of the activities referred to in subparagraphs III(1)(A)

above through III(1)(H) above, including, without limitation, by providing services necessary for Defaulting Defendants to continue operating Defaulting Defendants' User Accounts and Merchant Storefronts in violation of this Order.

## IV. Dissolution of Rule 62(a) Stay and Asset Turnover Pursuant to N.Y. C.P.L.R. § 5225

1) IT IS FURTHER ORDERED, as sufficient cause has been shown, the 30 day automatic stay on enforcing Plaintiff's judgment, pursuant to Fed. R. Civ. Pro. 62(a) is hereby dissolved.

2) IT IS FURTHER ORDERED, that one (1) week after final judgment is entered, Plaintiff will either: (1) file a motion for an asset turnover pursuant to N.Y. C.P.L.R. § 5225; or (2) notify the Court of its intention not to proceed with a request for an asset turnover so the case may be closed.

## V. Miscellaneous Relief

1) Defaulting Defendants may, upon proper showing and two (2) business days written notice to the Court and Plaintiff's counsel, appear and move for dissolution or modification of the provisions of this Order;

2) Any failure by Defaulting Defendants to comply with the terms of this Order shall be deemed contempt of Court, subjecting Defaulting Defendants to contempt remedies to be determined by the Court, including fines and seizure of property;

3) The Court releases the Five Thousand U.S. Dollar ($5,000.00) security bond that Plaintiff submitted in connection with this action to counsel for Plaintiff, Epstein Drangel, LLP, 60 East 42nd Street, Suite 1250, New York, NY 10165; and

4) This Court shall retain jurisdiction over this matter and the parties in order to construe and enforce this Order.

**SO ORDERED.**

Dated:   October 7, 2025
         New York, New York

HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE

The Clerk of Court is directed to terminate the pending motion at docket entry 10.

6